UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eunice Freeman, | ) | CASE NO. 1:14 CV 308 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Shaker Heights City Schools, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon the Motion for Summary Judgment of defendants Shaker Heights City Schools, Cindy Gorfido, Dr. Robert Kreiner, and Dr. Mark Freeman (Doc. 18). The issue before this Court is whether plaintiff's Complaint is barred by the doctrine of *res judicata.* For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff filed her Complaint in the Cuyahoga County Common Pleas Court against defendants, Shaker Heights City Schools, AVI Foodsystems, Inc., John Payiavlas, Cindy Gorfido, Dr. Robert Kreiner, and Dr. Mark Freeman. Plaintiff asserted 11 claims. The action

1

was removed to this Court based on a federal question. Subsequently, this Court granted the unopposed Motion to Dismiss filed by defendants AVI Foodsystems, Inc. and John Payiavlas. Plaintiff then moved to dismiss all other causes of action except Counts I (Retaliation) and XI (Civil Conspiracy).  This Court entered that dismissal.

This Case arises out of plaintiff's former employment with defendants. Plaintiff alleges the following.  She was hired by the Shaker Heights School System in 1992.  In May 2009, plaintiff was refused an interview for the position of Cafeteria Manager. Plaintiff complained of racial discrimination under Title VII.  In May 2010, plaintiff was refused an interview for three separate job openings in the custodial and grounds crew department.  In June 2010, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) for discrimination by Shaker Heights. In August 2010, Shaker Heights outsourced the cafeteria department to AVI. Despite AVI's promise to hire all current food service employees of the Shaker Heights School System, plaintiff was terminated shortly after filing a charge of discrimination against Shaker Heights and plaintiff was initially not re-hired by AVI.  In December 2010, plaintiff filed an EEOC charge for AVI's discrimination against her. In February 2011, in retaliation for the recent charge, plaintiff was denied a promotion to the position of head cook.

Plaintiff filed an earlier Complaint against the Shaker Heights School District in this Court, *Eunice Freeman v. Shaker Heights City School District*, Case No. 1:11 CV 1154.[1] That Complaint also alleged that plaintiff was employed by the Shaker Schools from 1991 until the

---

[1] Plaintiff also previously filed a Complaint against AVI, *Eunice Freeman v. AVI Foodsystems, Inc.,* 1:12 CV 300 alleging retaliation for AVI's decision to initially not hire plaintiff in 2010, and then to fail to promote her and reduce her hours thereafter. This Court granted summary judgment to defendant.

Cafeteria Department was outsourced to AVI Foods in June 2010.  Shaker Heights failed to promote plaintiff to the position of Cafeteria Manager in 2009 based on her race and gender, and plaintiff was not initially hired by AVI in 2010 in retaliation for filing an EEOC charge.  This Court *sua sponte* dismissed plaintiff's race and gender claims, and later granted defendant's motion to dismiss the retaliation claim.  On appeal to the United States Court of Appeals for the Sixth Circuit, the dismissal of the gender and retaliation claims was upheld.  The Sixth Circuit remanded the race discrimination claim based on the 2009 failure to promote.  By Memorandum of Opinion and Order, this Court granted summary judgment to defendant on that claim.

This matter is now before the Court upon defendants' Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts."  *Moore v. Philip*

3

*Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Defendants move for summary judgment on the basis that plaintiff's Complaint is barred by the doctrine of *res judicata* due to the filing of her original Complaint which was dismissed on the merits. Defendants additionally argue that even reaching the merits, plaintiff's two remaining claims fail because plaintiff did not exhaust her administrative remedies as to her retaliation claim and the intra-corporate conspiracy doctrine bars the civil conspiracy claim. Finally, defendants contend that two additional procedural defects bar plaintiff's claims- the statute of limitations and the failure to serve Dr. Kreiner.

In response, plaintiff completely fails to address *res judicata*.  In addition to ignoring the argument that this procedural doctrine bars her Complaint, plaintiff proceeds to the merits of her retaliation claim only and fails to mention or discuss her civil conspiracy claim.  For the following reasons, the Court finds that plaintiff's Complaint is barred by *res judicata*. Therefore, the Court need not proceed to the merits of the retaliation and civil conspiracy claims.

*Res judicata* involves both claim preclusion and issue preclusion. Claim preclusion "makes an existing final judgment or decree between the parties to litigation ... conclusive as to all claims which were or might have been litigated in a first lawsuit." *Carroll v. City of Cleveland,* 2013 WL 1395900 (6th Cir. April 5, 2013) (quoting *Nat'l. Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60 (1990)).  "Under Ohio law, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* (citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995)). Four elements are required to establish claim preclusion:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction.
>
> (2) a second action involving the same parties, or their privies, as the first.
>
> (3) a second action raising claims that were or could have been litigated in the first action.
>
> (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Id.* (citing *Hapgood v. City of Warren*, 127 F.3d 490 (6th Cir. 1997)). The party asserting claim preclusion bears the burden of proof. *Id.* (citations omitted). Defendants maintain that each element is met.  This Court agrees.

There was a prior final, valid decision on the merits issued by this Court when it granted

the defendant's motion for summary in the previous case (Case No. 1:11 CV 1154) and entered judgment. Plaintiff's present Complaint involves the same parties, or their privies, as her previously- filed Complaint.  Plaintiff now names Shaker Heights City Schools as well as three former administrators of the Shaker Heights City School District Board of Education (Kreiner, Freeman, and Gorfido) as defendants.  Plaintiff's former Complaint named as defendant Shaker Heights City School District.  As administrators, Kreiner, Freeman, and Gorfido are clearly in privity with the Shaker Heights City Schools.  *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000) ("We have applied a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine [of *res judicata*]. Thus, a mutuality of interest, including an identity of desired result, may create privity." ) Plaintiff's claims herein were or could have been litigated in the first action as they rely on the same facts as the first Complaint. Finally, the present action clearly arises out of the transaction or occurrence that was the subject matter of the previous action given that both Complaints are based on the same 2009 and 2010 employment decisions made by the Shaker Heights City Schools.

For these reasons, plaintiff's Complaint is barred by *res judicata.*[2]

**Conclusion**

For the foregoing reasons, the Motion for Summary Judgment of defendants Shaker

---

[2] Even assuming the Court proceeded further, which it need not do, defendants demonstrate that plaintiff failed to administratively exhaust her retaliation claim. Plaintiff does not address this argument and, therefore, fails to dispute that she did not exhaust.  Nor does plaintiff dispute that the statute of limitations bars her claims. Additionally, plaintiff does not respond to defendant's argument that the civil conspiracy claim fails on the merits.  Summary judgment is merited for these reasons as well.

Heights City Schools, Cindy Gorfido, Dr. Robert Kreiner, and Dr. Mark Freeman is granted.

IT IS SO ORDERED.


          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Dated: 8/18/14